UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

BERNARD HARDRICK,

          Plaintiff,                   Case No. 2:21-cv-228

v.                                      Honorable Paul L. Maloney

UNKNOWN NURKALA et al.,

          Defendants.
_____/

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint on grounds of immunity.

**Discussion**

**I.**     **Factual Allegations**

      Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Prison Counselor

Unknown Nurkala and MPB mailroom employee Unknown Chisholm.  Plaintiff sues Defendants in their official capacities only.  (ECF No. 1, PageID.1.)

Plaintiff alleges that on June 14, 2021, he attempted to send a brief for his criminal case to the Wayne County Prosecutor's Office by filling out a legal mail disbursement and giving it to Defendant Nurkala.  (*Id.*, PageID.2.)  Plaintiff alleges that Defendant Nurkala refused to process his mail and instead checked the box stating, "Does not meet definition of legal mail or court filing fee."  (*Id.*)  A few days later, on June 17, 2021, Plaintiff attempted to send a letter to a law firm; he alleges that Defendant Nurkala again rejected his legal mail.  (*Id.*, PageID.3.)  On June 18, 2021, Plaintiff attempted to send a letter requesting a "Register of Actions" to this Court regarding civil case 2:20-cv-239.  (*Id.*)  Defendant Nurkala rejected it, noting that it did not meet the definition of legal mail.  (*Id.*)  Plaintiff was "fed up" and asked Defendant Nurkala why she kept rejecting his outgoing legal mail.  (*Id.*)  Defendant Nurkala responded, "I'm tired of you guys and this lawsuit stuff."  (*Id.*)

Plaintiff filed a grievance on June 18, 2021, "complaining of the retaliatory conduct exhibited by Defendant Nurkala for rejecting his outgoing legal mail."  (*Id.*)  A few days later, on June 21, 2021, Plaintiff attempted to send two pieces of legal mail, one to this Court and one to the Michigan Supreme Court.  (*Id.*, PageID.4.)  Plaintiff avers that Defendant Nurkala stopped by his cell, grabbed both pieces of outgoing legal mail, and "instantly shoved them back into the Plaintiff's cell," stating, "Stop wasting my time sending legal mail."  (*Id.*)  Plaintiff claims that Defendant Nurkala "did not check the box on the disbursements [and did not] sign her name on it acknowledging receipt or rejection of the disbursements."  (*Id.*)  Plaintiff filed another grievance against Defendant Nurkala.  (*Id.*)  On June 23, 2021, that grievance was denied as duplicative of the grievance Plaintiff had filed on June 18, 2021.  (*Id.*)

Sometime in late June 2021, Plaintiff's family ordered a book titled *Inmate Shopper* for him. (*Id.*) He avers the book "was scheduled to arrive at the facility (MBP) on July 2, 2021, directly from Amazon.com (an approved vendor of the MDOC." (*Id.*) On July 13, 2021, after sending numerous kites to the mailroom about the book, Plaintiff filed a grievance against mailroom staff for withholding the book. (*Id.*, PageID.5.) Plaintiff claims that the book was not on the restricted list because "he had already witnessed, and possessed, the book being ordered and received by fellow inmates in his unit." (*Id.*) Plaintiff complained that he had not received a Notice of Intent (NOI). (*Id.*) The next day, July 14, 2021, Defendant Chisholm gave Plaintiff an NOI rejecting the book on the basis that it was "an unapproved 'retail/wholesale' vendor and was not allowed per policy." (*Id.*)

Plaintiff requested a hearing on the rejection, which was held by Defendant Nurkala on July 26, 2021. (*Id.*) Prior to the hearing, Plaintiff asked a fellow inmate to borrow his copy of *Inmate Shopper* to use an exhibit. (*Id.*) During the hearing, Plaintiff shared that copy with Defendant Nurkala, and "explained to her how Defendant Chisholm rejected the book without a penological interest as a form of retaliation for the grievance he had filed against mailroom staff the day before it was unjustly rejected." (*Id.*) Defendant Nurkala responded that the book "was an unapproved vendor because it had a catalog advertised in it that sold merchandise that the Plaintiff was not allowed to purchase." (*Id.*) Plaintiff then "contended that there were other catalogs similar to the one in the book that [were] in circulation that advertise the same products." (*Id.*) Defendant Nurkala then stated that inmates were no longer allowed to order the book, and Plaintiff asked when it was placed on the restricted list. (*Id.*, PageID.6.) Defendant Nurkala responded, "I don't know if it's on the restricted list or not,[] but as many grievances you wrote against me surely you didn't think I would let you get the book, regardless." (*Id.*) Defendant

3

Nurkala then walked off from Plaintiff's cell. (*Id.*) After the hearing, Defendant Nurkala "drafted an 'Administrative Hearing Report' asserting her asinine reasons for upholding the retaliatory book rejection that was administered by Defendant Chisholm." (*Id.*)

Based on the foregoing, Plaintiff asserts violations of his First Amendment rights. (*Id.*, PageID.8.) Plaintiff seeks compensatory, punitive, and nominal damages. (*Id.*, PageID.9.)

## II. Immunity

Plaintiff sues Defendants in their official capacities. (ECF No. 1, PageID.1.) Moreover, Plaintiff seeks only monetary damages. (*Id.*, PageID.9.) Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). An official capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592–93 (6th Cir. 1989). Plaintiff, therefore, cannot maintain his official capacity suit for monetary damages against Defendants, and his complaint will be dismissed for that reason alone.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed on grounds of immunity, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C.

§ 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

A judgment consistent with this opinion will be entered.

Dated:    February 15, 2022                                  /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge